UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JESSE LINDSEY, III, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:08-cv-1606-SEB-TAB |
| ) | |
| ALAN FINNAN, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

Jesse Lindsey, III ("Lindsey") seeks a writ of habeas corpus with respect to his Hendricks County conviction in 2003 for felony murder. Because the pleadings and the expanded record do not establish Lindsey's entitlement to relief, however, his petition for a writ of habeas corpus must be denied and this action dismissed.

**I. Background**

Lindsey was convicted of felony murder in 2003. His conviction was affirmed on appeal in *Lindsey v. State,* No. 32A01-0411-CR-00476 (Ind.Ct.App. Nov. 23, 2005) (*Lindsey I*). The trial court's subsequent denial of Lindsey's petition for post-conviction relief was affirmed on appeal in *Lindsey v. State,* 888 N.E.2d 319 (Ind.Ct.App. June 13, 2008) (*Lindsey II*). Lindsey's petition for transfer was denied on August 14, 2008.

This action followed. Following briefing, the claims which remain are:

(a) there was insufficient evidence to support his conviction;

(b) the trial court erred by refusing to instruct the jury on assisting a criminal;

(c) his sentence is unconstitutionally excessive under the Eighth Amendment;

(d) the trial court erred in admitting a tape of Lindsey's second interrogation by police;

(e) the State's amendment of the charging information was unfairly prejudicial; and

(f) his due process rights were violated.

## II. Discussion

### A. Applicable Law

"A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of the habeas petition here is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

In addition to the foregoing substantive standard, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default occurs either (1) when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729. When a habeas petitioner has committed procedural default, the habeas court may not reach the merits of the habeas claims unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner,* 375 F.3d at 648 (internal citations omitted).

### B. Sufficiency of the Evidence

Lindsey's challenge to the sufficiency of the evidence as to his conviction was presented in his direct appeal. Under the AEDPA, federal review of a challenge to the sufficiency of the evidence "turns on whether the state court provided fair process and engaged in reasoned, good-faith decision-making when applying *Jackson's* 'no rational trier of fact' test." *Gomez v. Acevedo,* 106 F.3d 192, 199 (7th Cir. 1997), *vacated on other grounds, Gomez v. DeTella,* 522 U.S. 801 (1997). The only appropriate inquiry under *Jackson v. Virginia,* 443 U.S. 307, 319 (1979),

> is whether, assuming the jury resolved all disputes in the state's favor and drew all inferences from that evidence, it would have been rational to convict. Not whether we would convict, but whether thoughtful people could convict.

*Branion v. Gramly,* 855 F.2d 1256, 1266 (7th Cir. 1988).

2

Lindsey drove Cunningham and Johnson to Lee's house to steal marijuana and scare Lee as an act of revenge for a prior altercation between Lindsey and Lee. Lindsey remained in the car while Cunningham and Johnson went inside Lee's house. While inside, Johnson pulled out a handgun, demanded the marijuana from Lee, ordered Lee into another room where three other individuals, including Musser, the murder victim, were present. Cunningham followed Johnson. Johnson demanded that the other individuals and Lee empty their pockets. Lee refused and a struggle ensued between Lee and Johnson. The other individuals joined in the altercation, during which time Johnson fired four shots; one bullet hit Lee and one bullet hit Musser. Johnson and Cunningham fled, and Cunningham grabbed the marijuana on the way out. Once all three were back in Lindsey's car, Lindsey asked where the marijuana was. The three split the marijuana, then returned to Lindsey's house where Johnson and Cunningham told him about the shooting. Lindsey then destroyed the gun by throwing it out piecemeal. *Lindsey I*, at p.3.

First, the Indiana Court of Appeals set out the factors considered when determining whether a person aided another in the commission of a crime. Second, the Indiana Court of Appeals reviewed the evidence of what transpired and concluded that "it is reasonable to infer that if Lindsey knew Johnson and Cunningham were going into a house to 'pistol whip' or 'punk' Lee and steal drugs in retaliation for the earlier altercation and they were aware there was a good chance they would be outnumbered and outsized, he knew they were not going in unarmed. That someone could be killed or seriously injured was an entirely probable and natural consequence of their plan." *Lindsey I*, at p.15. In addition, "Lindsey delivered Johnson and Cunningham to the scene of the crime, did not oppose their plan to engage in criminal activity, waited while they went into the house to steal drugs and assault Lee, helped them flee after the shooting, shared in the stolen drugs, and disposed of the weapon." *Id.* The Indiana Court of Appeals' discussion of the evidence provided Lindsey and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* "no rational trier of fact" test. This determination that the evidence was sufficient did not run afoul of the AEDPA standard as expressed in 28 U.S.C. § 2254(d)(1), and hence Lindsey is not entitled to relief based on this claim.

### C. Jury Instructions

Lindsey claims that his due process rights were violated because the trial court refused to give his proposed instruction on assisting a criminal. The respondent argues that this claim presents solely a question of state law. The AEDPA posits reference to "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and 28 U.S.C. § 2254(a) itself makes federal habeas relief contingent on a violation of "the Constitution or laws . . . of the United States." See *Rose vs. Hodges,* 423 U.S. 19, 21 (1975)("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States."). This by necessity excludes alleged violations of state law from the scope of § 2254(a). See *Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)). Regardless

3

of this point, however, the Indiana Court of Appeals reasonably concluded that, "[b]ecause the charges in this case do not allege conduct that would have constituted the separate offense of assisting a criminal, the crime of assisting a criminal is not a factually lesser-included offense, and the trial court properly refused to give the requested instruction." *Lindsey I,* at p. 13 (footnote omitted). Hence, this claim does not support federal habeas relief. *Estelle,* 502 U.S. at 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993).

### D.  Sentence

Lindsey claims that his sentence is unconstitutionally excessive under the Eighth Amendment. However, Lindsey committed procedural default in the Indiana state courts by failing to "fairly present" to those courts that his sentence was cruel and unusual under the Eighth Amendment. A petitioner seeking federal habeas relief must establish that he fully and fairly presented his federal claims to the state court. *Chambers v. McCaughtry,* 264 F.3d 732, 737 (7th Cir. 2001). So, a petitioner must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal court. *Id.; see also Sweeney v. Carter,* 361 F.3d 327, 332 (7th Cir. 2004)(a petitioner fairly presents his federal claim to the state courts when he articulates both the operative facts and the controlling legal principles on which his claim is based). The failure to do so constitutes a procedural default. *Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006).

In the Indiana Courts, Lindsey stated that, "[t]he Eighth Amendment to the United States Constitution and Article I, Section 16 of the Indiana Constitution prohibit cruel and unusual punishment." However, no additional statements or arguments were made in relation to federal law and Lindsey challenged his sentence on questions of state law only in his direct appeal under the ambit of the Indiana Constitution. The resolution of the claim as a matter of state law is not subject to review here. *Estelle*, 502 U.S. at 67-68. No federal claim regarding Lindsey's sentence was fairly presented to the Indiana courts and hence no such claim can be considered now. *See Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (to satisfy the fair presentment requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he has forfeited federal review of his claim).

### E.  Lindsey's Second Interrogation

In Lindsey's direct appeal, the Indiana Court of Appeals addressed the issue of whether the audiotape of the second interrogation by police was improperly admitted into evidence. The Indiana Court of Appeals correctly recognized and stated the controlling principles set forth in *Davis v. United States*, 512 U.S. 452 (1994). *Lindsey I*, at pp. 7-8. The Indiana Court of Appeals then proceeded to address the factors stated in *Davis* for determining whether the accused is actually requesting a lawyer. *Lindsey I*, at p.8. It noted that the statement must have sufficient clarity. *Id.* The Indiana Court of Appeals concluded:

> A reasonable police officer in these circumstances would not understand Lindsey's statement to be an unambiguous assertion of his right to have

counsel present for the interrogation to follow. In fact, the police officer's response shows that he did not understand Lindsey to request the presence of an attorney, as he reminded Lindsey that he had the right to have an attorney present. Rather than requesting a lawyer be present, Lindsey continued to engage in a dialogue with the officer. The trial court did not abuse its discretion by admitting Lindsey's statement into evidence.

*Id.*, at pp.8-9.

Under the AEDPA, a writ of habeas corpus may be granted only if the petitioner demonstrates that the state court's adjudication of the claim was contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court. The Indiana Court of Appeals' assessment of the admission of Lindsey's statements did not run afoul of either of these tests. Accordingly, Lindsey is not entitled to his relief on this claim.

### F.  Amendment of the Charging Information

Lindsey argues that the State's amendment of the charging information unfairly prejudiced him. That challenge as set forth in Lindsey's direct appeal was based on Indiana law. That outcome is of no consequence here because such a challenge–a challenge based on state law–is not within the scope of § 2254(a). See *Del Vecchio,* 31 F.3d at 1370 (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer,* 5 F.3d at 1098 (7th Cir. 1993) (citing *Estelle,* 502 U.S. at 67-68 (1991)). Additionally, there is no other basis on which the court could review this challenge. *United States ex rel. Hoover v. Franzen,* 669 F.2d 433, 436-37 (7th Cir. 1982)(neither the habeas corpus statutes nor principles of pendent jurisdiction allow collateral review of questions of state law). The same is true, and for the same reason, as to the claim in the present case that the amendment to the charging information violated Indiana law. *Cole v. Young,* 817 F.2d 412, 429-30 (7th Cir. 1987)("A judgment of a state court on a question of state law conclusively establishe[s] the meaning of that law. [I]t is for the [state] courts to say under its law what duty or discretion the court may have had . . . . We are not at liberty to conjecture that the trial court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied.  We cannot treat a mere error of state law, if one has occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.")(internal citations and quotations omitted)(dissenting opinion).

### G.  Due Process

Lindsey's final claim is that the Indiana Penal Code is unconstitutional. Insofar as Lindsey assails the Indiana Penal Code based on the Indiana Constitution, the claim is not cognizable, because 28 U.S.C. § 2254(a) itself makes federal habeas relief contingent on a violation of "the Constitution or laws . . . of the United States." See *Rose,* 423 U.S. at 21 (1975). Accordingly, Lindsey's alleged violations of state law must be excluded from the scope of § 2254(a).

5

In addition, Lindsey argued this claim at post-conviction, alleging fundamental error. However, the Indiana Court of Appeals found that because he did not raise this issue at trial or on direct appeal, he waived this claim. "A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time-- as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review." *Szabo v. Walls,* 313 F.3d 392, 395 (7th Cir. 2003) (citing cases). Lindsey does not overcome the procedural hurdle in the finding of waiver. He is therefore not entitled to a review of the merits of his claim regarding the Indiana Penal Code which the Indiana Court of Appeals held to be waived.

### III.  Conclusion

Lindsey's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[1] This court has carefully reviewed the state record in light of Lindsey's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. As to those claims not barred by Lindsey's unexcused procedural default, a federal court may issue a writ of habeas corpus only if the state court reached a decision that was either contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *Julian v. Bartley,* 495 F.3d 487, 492 (7th Cir. 2007) (internal citations omitted). Such a showing has not been made here. Lindsey's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/16/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).